OPINION
Defendant-appellant, Christopher Hubbard, appeals his conviction in the Butler County Court of Common Pleas for murder and gross abuse of a corpse.
At trial, the state presented evidence to establish that on the evening of March 22, 1999, the Hamilton Police were dispatched to an apartment appellant shared with his mother in Hamilton, Ohio. Appellant's mother informed the police that her son told her he had choked or strangled his girlfriend, Jill Sexton ("Sexton"), and that he "hurt Jill real bad." Appellant's mother also told the police that appellant had cuts on his wrists and throat.
The police found a pair of women's shoes and a single earring in the apartment. These items were later identified as belonging to the victim. The police also found Sexton's purse, containing her driver's license, at appellant's residence. The evidence at trial placed Sexton at the apartment with appellant on the morning of March 22, 1999. The evidence also established that Sexton failed to report to work that afternoon for her scheduled shift.
On March 23, 1999, police were informed that appellant had been located in Tennessee with Sexton's vehicle. The Hamilton police searched the vehicle and found Sexton's body in the rear, covered with a comforter and blankets. One of appellant's neighbors testified that on March 22, 1999, she saw appellant outside the apartment complex carrying the same comforter, along with a suitcase. The Butler County Coroner determined that Sexton's death was caused by asphyxiation due to manual strangulation. He placed the date of death at March 22, 1999, give or take a day. The mate to the earring in appellant's apartment was found in Sexton's left ear.
Counsel for appellant made a Crim.R. 29 motion at the conclusion of the state's evidence, based on the sufficiency of the evidence and on the basis that venue had not been established. The trial court overruled the motion.
Appellant testified in his own defense at trial. He admitted killing Jill in his apartment in Hamilton, putting her body in a packing box, carrying it to the car and covering the body with a comforter. Appellant testified that he then returned to the apartment and tried to kill himself by cutting his wrists and throat. He testified that he told his mother that he had strangled Jill, wanted to commit suicide and didn't want to spend the rest of his life in prison. Appellant testified that he then left the apartment, although he returned later to change clothes, and then drove to Tennessee.
Before the case went to the jury, appellant's counsel renewed its Crim.R. 29 motion, and the trial court again overruled the motion. A jury found appellant guilty of murder and gross abuse of a corpse in violation of R.C. 2903.02(A) and 2927.01(B).
Appellant appeals his convictions, raising the following single assignment of error:
 THE TRIAL COURT ERRED IN FAILING TO CONSIDER WHETHER IT MAINTAINED CRIMINAL JURISDICTION TO TRY APPELLANT.
Appellant argues that although his trial counsel objected on the basis of venue, the trial court should have realized that it was without jurisdiction to try the case. Appellant contends that there is no jurisdiction pursuant to R.C. 2901.11(B) since the victim's body was found in Tennessee, and that finding jurisdiction pursuant to R.C.2901.11(D) is unconstitutional. R.C. 2901.11 provides that:
 (A) A person is subject to criminal prosecution and punishment in this state if any of the following occur:
 (1) The person commits an offense under the laws of this state, any element of which takes place in this state.
* * *
 (B) In homicide, the element referred to in division (A)(1) of this section is either the act that causes death, or the physical contact that causes death, or the death itself. If any part of the body of a homicide victim is found in this state, the death is presumed to have occurred within this state.
A court may not dismiss a case for lack of jurisdiction over the offense if the evidence is such that reasonable minds could reach different conclusions as to whether jurisdiction over the offense has been proven beyond a reasonable doubt. State v. Moore (Oct. 27, 1986), Butler App. No. CA85-04-035, unreported, at 18. In a case involving similar facts, we found that because the evidence indicated that the act or physical contact that caused a victim's death occurred in Ohio, jurisdiction was established pursuant to R.C. 2901.11(B). Moore at 19.
Appellant's argument that this section does not apply because the victim's body was found in Tennessee is without merit. See id. at 20-21. At the close of the state's case, there was more than sufficient evidence from which a jury could find beyond a reasonable doubt that the murder occurred in Ohio, and specifically at appellant's apartment in Hamilton. The evidence placed the victim with appellant, and her purse, shoes and one earring were recovered from appellant's apartment. Appellant was seen carrying the comforter under which Seton's body was found, and appellant admitted to his mother that he strangled Sexton.
Because there was sufficient evidence to find jurisdiction pursuant to R.C. 2901.11(B), the trial court did not err by failing to find jurisdiction and overruling appellant's Crim.R. 29 motion at the close of the state's evidence.
When appellant testified in his own behalf, his own testimony conclusively established jurisdiction. Appellant admitted that he killed Sexton in his apartment in Hamilton, placed her body in the back of her car, and drove to Tennessee. Accordingly, the trial court did not commit error in overruling the Crim.R. 29 motion before the case was sent to the jury. Appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.